1

2

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

4

5

6  JOHN ROBERT DEMOS, JR.,

7                                Plaintiff,

8        v.

9  M. MORENO, et al.,

10                               Defendants.

Case No. 3:23-cv-05603-RJB-TLF

REPORT AND
RECOMMENDATION

Noted for __September 1, 2023__

11        This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to

12  28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. Plaintiff John Robert Demos, a

13  state prisoner, has filed a proposed application to proceed *in forma pauperis* ("IFP") and

14  a proposed complaint. Dkts. 1, 1-2. Plaintiff has also filed a proposed motion for judicial

15  notice. Dkt. 2. For the reasons discussed below, the Court should deny plaintiff's

16  proposed motion for judicial notice (Dkt. 2), deny plaintiff's IFP application (Dkt. 1), and

17  should dismiss the action without prejudice.

18                              DISCUSSION

19  **A.    Motion for Judicial Notice**

20        Plaintiff has filed a proposed motion for "judicial notice." Dkt. 2. In the motion

21  plaintiff asks the Court to take judicial notice of what appears to be a copy of a letter

22  dated March 30, 2023, that he received from the Department of Corrections (DOC)

23  Director of Prison Rape Elimination Act (PREA) Services, Michelle Duncan. *Id.* Plaintiff

24

25

asserts the letter shows he is the victim of PREA retaliation which has included false disciplinary charges, false cell search reports, false information placed in his central mental health and medical files, false and misleading classification reports, denial of adequate, meaningful and necessary medical assistance and intervention, denial of parole, denial of food, and the theft of food. *Id*.

The Court has reviewed the attached document and the only portion that refers to retaliation reads "[r]egarding your statements that you are a victim of PREA retaliation, this has been reviewed as required by DOC 490.800 and determined to meet the definition of retaliation and amended to case #23-22711 which is closed." *Id*. Contrary to plaintiff's assertion, this letter does not state conclusively that plaintiff has been found to be a victim of retaliation. Rather, the letter simply appears to acknowledge that plaintiff's allegations meet the definition of retaliation and were amended to be included in the PREA case.

Pursuant to Federal Rule of Evidence 201, "the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." If plaintiff is requesting the Court to take judicial notice of the proffered document as establishing the fact that he "is the victim of PREA retaliation", plaintiff's motion (Dkt. 2) is DENIED. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("a court may not take judicial notice of a fact that is 'subject to reasonable dispute.' Fed.R.Evid. 201(b)"). However, the Court will consider the document, as appropriate, in considering plaintiff's proposed IFP application and proposed complaint.

**B.    Plaintiff's Proposed IFP Application and Proposed Complaint**

Plaintiff names as defendants in this action M. Moreno, Disciplinary Hearing Officer at Washington State Penitentiary (WSP); Robert Jackson, WSP Superintendent; Daniel Bayer, Shift Lieutenant at WSP; W. Fletcher, Shift Lieutenant at WSP; J. Terrassamo, Shift Lieutenant at WSP; J. Adams, PREA Liaison at WSP; G. Pierce, Disciplinary Hearing Officer at WSP; B. Rojan, Shift Lieutenant at WSP; M. Knighton, Disciplinary Hearing Officer at WSP; and J. Uttecht, Department of Corrections (DOC) Assistant Deputy Secretary. Dkt. 1-2. Plaintiff appears to allege that defendants violated the Eighth Amendment prohibition against cruel and unusual punishment in issuing infractions, finding him guilty of the infractions, upholding the infractions on appeal, and imposing a sanction of thirty (30) days cell confinement. *Id.* While somewhat unclear, plaintiff also appears to allege that the above actions were also taken in retaliation for his filing of a PREA complaint. *Id.*

More specifically, plaintiff appears to allege that on May 18, 2023, defendant Moreno improperly found him guilty of two PREA related infractions. *Id.* Plaintiff alleges defendant Moreno denied him the right to present a defense and was romantically involved with defendant Adams who wrote the infractions. *Id.* Plaintiff indicates that in March 2023 he filed a PREA complaint and the PREA investigators assigned to the case were defendants Bayer, and Terrasamo. *Id.* He alleges defendant Fletcher signed off on the infraction report as being in conformity with DOC policy. *Id.*

Plaintiff appears to allege the defendants conspired against him to "frame" him on an infraction report that they knew was false. *Id.* Plaintiff alleges defendants Pierce and Knighton are disciplinary hearing officers who tried to sexually proposition him at a

major disciplinary hearing in return for dismissal of the infraction. *Id*. He further alleges

defendants Pierce, Knighton and Moreno are romantically involved. *Id.* Plaintiff alleges

defendants Uttecht and Jackson improperly denied his appeal of the infraction despite

evidence that he was innocent and that these defendants are also romantically involved.

*Id*. Plaintiff also alleges defendants' actions with respect to his infraction and hearing

are a product of racism. *Id*.

Plaintiff alleges defendants' imposition of a sanction of thirty (30) days of cell

confinement related to his infraction placed him in imminent danger. *Id*. Plaintiff alleges

he suffers from various health problems and that his emergency call button in his cell

periodically malfunctions thereby placing him in imminent danger. *Id*. Plaintiff alleges

that the following features of his cell are "either broken, inoperable or they malfunction":

his hot and cold water, emergency cell intercom button, and cell door. *Id*.

Plaintiff further alleges that medical staff want him to exercise to keep his blood

clots under control and that he is unable to adequately do so when he is confined to his

cell. *Id*. Plaintiff also pleads imminent danger because he constantly coughs, which "is a

strong sign of lung cancer." *Id*. Plaintiff alleges his cell vent kicks out cigarette smoke

daily and that medical staff tell him that he "may have contracted pneumococcal

disease" which can "cause death if not timely treated." *Id*. Plaintiff also alleges when he

is on cell confinement, he cannot go to pill line to get the "life saving" medications he

takes. *Id.*

Plaintiff alleges defendants are retaliating against him for filing PREA complaints

and that cell confinement is a way to kill him and make it look like an accident. *Id*.

1    Plaintiff alleges defendants Bayer and Terrasammo altered the PREA investigation

2    report to make plaintiff look like a liar. *Id.*

3        Plaintiff alleges that on or about March 30, 2023, Michelle Duncan, the DOC

4    PREA Director, reversed the findings of guilt in his PREA case declaring he was the

5    victim of PREA retaliation and that the PREA investigators, superintendent, hearings

6    officer and Assistant Deputy Secretary had all lied and falsified the record. *Id.* Plaintiff

7    submits a letter from Michelle Duncan dated March 30, 2023, which appears to be the

8    basis for this allegation. Dkt. 2. The portion of the letter discussing plaintiff's allegation

9    of retaliation reads "[r]egarding your statements that you are a victim of PREA

10   retaliation, this has been reviewed as required by DOC 490.800 and determined to meet

11   the definition of retaliation and amended to case #23-22711 which is closed." Dkt. 2.

12       As relief, plaintiff seeks monetary damages in the amount of $5 million dollars

13   and any and all relief the Court deems necessary and proper. *Id.*

14       Plaintiff is under pre-filing bar orders in a number of courts, including this Court,

15   the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court

16   of Appeals, and the United States Supreme Court. *See, e.g., Demos v. Storrie*, 507 U.S.

17   290, 291 (1993). Plaintiff is permitted to submit only three IFP applications and

18   proposed actions each year. *See In re John Robert Demos*, MC91-269- CRD (W.D.

19   Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos*

20   (W.D. Wash. Dec. 15, 1982). Plaintiff has already reached this annual limit. *See Demos*

21   *v. Fricke, et al.*, 3:23-cv-05156-TSZ (W.D. Wash. 2023); *Demos v. McCarthy*, 2:23-cv-

22   00056 (W.D. Wash. 2023); *Demos v. Scalise*, 2:23-cv-00040-BJR (W.D. Wash. 2023).

23   This alone precludes plaintiff from proceeding with this action.

24

25

REPORT AND RECOMMENDATION - 5

However, there is an additional restriction on plaintiff's submission. Specifically, this action is also subject to dismissal because plaintiff fails to meet the requirements of 28 U.S.C. § 1915(g). Under § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999). Plaintiff's submission does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted).

"Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Ruiz v. Woodfill*, No. 2:20CV2078TLNDBP, 2020 WL 7054389, at *2 (E.D. Cal. Dec. 2, 2020), *report and recommendation adopted*, No. 2:20-CV-02078-TLN-DB, 2021 WL 148385 (E.D. Cal. Jan. 15, 2021); *Andrews*, 493 F.3d at 1057 n. 11. To meet his burden under § 1915(g), a plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, plaintiff alleges that his emergency button in his cell malfunctions "periodically" and places him "in harms way" should he have a "stroke, seizure, heart

1   attack, or any kind of a medical emergency." Dkt. 1-2 at 12. Plaintiff alleges at his age

2   he is more prone and susceptible to a stroke or heart attack than a younger inmate. Dkt.

3   1-2. Plaintiff alleges generally that he suffers from "blood clots, blood in his urine and

4   feces, possible colon or prostate cancer, blackouts, anemia, bladder problems, vision

5   problems and a host of other illnesses." *Id.* He therefore contends that the sanction

6   restricting him to his cell puts him in imminent danger of serious physical injury. *Id.*

7       Plaintiff's allegations are too conclusory and speculative to establish imminent

8   danger of serious physical injury. *Id.* He does not identify any specific instance of his

9   cell button malfunctioning, how exactly it malfunctions, what he means by indicating it

10  malfunctions "periodically", or whether it is currently malfunctioning. *Id.* He asserts

11  generally that his cell door is "either broken, inoperable or … malfunction[s]", but does

12  not explain in what way or what aspect of it is broken, inoperable or malfunctioning.

13      Plaintiff also asserts generally that he suffers from various health issues and that

14  because of his age he is more prone and susceptible to a stroke or heart attack. *Id.* But

15  plaintiff does not allege he is not being adequately treated or monitored for these

16  conditions and his generalized assertions are not sufficient to establish that he is facing

17  a danger that is real, proximate, and/or ongoing. *See Andrews*, 493 F.3d at 1056.

18  Plaintiff also alleges that due to his cell confinement he is not able to attend "pill line"

19  and receive the "life saving" medication he takes. *Id.* But plaintiff fails to identify what

20  "life saving" medication he is referring to, what condition he requires the medication for,

21  or whether there is an alternative method for him to obtain the medication outside of "pill

22  line." *Id.* In sum, plaintiff's allegations are too conclusory, generalized, or speculative to

23  satisfy the imminent danger requirement.

24

25

REPORT AND RECOMMENDATION - 7

1          Plaintiff also pleads imminent danger because he constantly coughs, which "is a

2    strong sign of lung cancer." Dkt. 1-2. He alleges his cell vent kicks out cigarette smoke

3    daily and that medical staff tell him that he "may have contracted pneumococcal

4    disease" which can "cause death if not timely treated." *Id.* These allegations regarding a

5    health condition plaintiff believes it's possible he "may have contracted" are similarly too

6    speculative to satisfy the imminent danger requirement.

7          Finally, plaintiff appears to assert imminent danger on the grounds that

8    defendants are retaliating against him for filing a PREA complaint, and that cell

9    confinement is a way to "kill him" and "make it look like an accident." *Id.* This allegation

10    appears to be based in part upon plaintiff assertion that on March 30, 2023, Michelle

11    "reversed the findings of guilt in his PREA case declaring he was the victim of PREA

12    retaliation and that the PREA investigators, superintendent, hearings officer and

13    Assistant Deputy Secretary had all lied and falsified the record." *Id.* Plaintiff submits a

14    copy of a letter from Michelle Duncan dated March 30, 2023, in support of his complaint

15    which appears to be the foundation for this assertion. The relevant portion of the letter

16    simply reads "[r]egarding your statements that you are a victim of PREA retaliation, this

17    has been reviewed as required by DOC 490.800 and determined to meet the definition

18    of retaliation and amended to case #23-22711 which is closed." Dkt. 2.

19          Contrary to plaintiff's assertion, this document does not state that plaintiff has

20    been found to be a victim of retaliation, that the findings of guilt in his PREA case were

21    reversed, or that any DOC staff lied and falsified the record. Rather, the letter simply

22    appears to acknowledge that plaintiff's allegations could meet the definition of retaliation

23    and were amended to be included in the PREA case. Plaintiff's assertion that

24

25

REPORT AND RECOMMENDATION - 8

defendants are retaliating against him for filing his PREA complaint by fabricating an infraction to justify placing him on cell confinement in order to "kill him and make it look like an accident" is conclusory, speculative, and fails to satisfy the imminent danger requirement.[1]

Even if the filing fee is paid, this action would likely be dismissed. To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Additionally, a complaint must "include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); Fed. R. Civ. P. 8(a)(2). The complaint must include more than "naked assertions," "labels and

---

[1] The Court notes that in his proposed motion for judicial notice plaintiff also makes generalized allegations that he is being denied adequate, meaningful, and necessary mental health treatment. Dkt. 2. These generalized allegations are, again, too conclusory to state a claim or establish imminent danger.

REPORT AND RECOMMENDATION - 9

conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. A claim upon which the court can grant relief has facial plausibility; in other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

Plaintiff's allegations in his proposed complaint are generalized and conclusory and unsupported by sufficient facts to state a claim. Plaintiff alleges he was improperly infracted, improperly found guilty of infractions, those guilty findings were improperly upheld on appeal, and he was improperly given a sanction of thirty (30) days of cell confinement. But plaintiff fails to explain the basis for his assertion that these findings were improper, apart from a generalized, unsupported assertion that this was a product of a conspiracy to "frame" him. Plaintiff alleges he was denied the right to present a defense but fails to explain in what way he was denied that right.

Plaintiff alleges two disciplinary hearing officers tried to sexually proposition him at a major disciplinary hearing in return for dismissal of the infraction but fails to identify what hearing he is referring to or any of the circumstances surrounding this alleged proposition. Plaintiff alleges defendants' actions with respect to his infraction and hearing are a product of racism but, again, offers no facts to support this conclusory assertion.

Plaintiff also appears to allege defendants are retaliating against him for filing a PREA complaint by issuing and upholding the infractions and in sanctioning him to cell confinement. But plaintiff fails to explain the basis for or identify the subject of the PREA complaint, nor does he allege any facts to support the allegation that the defendants

took these actions against plaintiff based on a retaliatory motive or because he engaged in constitutionally protected conduct. *See Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir. 2005) (In order to establish a retaliation claim, an inmate must show: (1) a state actor took some adverse action against the inmate; (2) because the inmate engaged in constitutionally protected conduct; (3) the adverse action chilled the inmate's exercise of First Amendment rights; and (4) the adverse action did not reasonably advance a legitimate correctional goal.).

Based on the foregoing, this Court recommends that plaintiff's proposed motion for judicial notice (Dkt. 2) and proposed IFP application (Dkt. 1) be DENIED and this action be DISMISSED without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **September 1, 2023**, as noted in the caption.

Dated this 7th day of August, 2023.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge